**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812** |

October 16, 2015

Ms. Jessica Clansy
11 Nerbay Road
Essex, Maryland 21221

Re: *Jessica Clansy o/b/o M.C. v. Commissioner of Social Security*,
Civil No. SAG-15-0106

Dear Ms. Clansy:

On January 13, 2015, Jessica Clansy petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI") on behalf of her minor child, M.C. (ECF No. 1). Ms. Clansy was represented by counsel when her appeal was filed, but her counsel has since withdrawn his appearance. She now appears *pro se*. I have considered the Commissioner's Motion for Summary Judgment.[1] (ECF No. 20). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Local R. 105.6 (D. Md. 2014). I will grant the Commissioner's motion. This letter explains my rationale.

Ms. Clansy applied for Children's SSI on behalf of M.C. on May 10, 2011. (Tr. 167-75). Her claim was denied initially and on reconsideration. (Tr. 101-04, 113-14). A hearing was held on August 22, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 32-82). Following the hearing, on August 30, 2013, the ALJ issued an opinion denying benefits. (Tr. 11-31). Because the Appeals Council denied Ms. Clansy's request for review, (Tr. 1-4), the ALJ's decision is the final, reviewable decision of the Agency.

The ALJ evaluated Ms. Clansy's claim using the three-step sequential process for claims involving childhood SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Clansy's claim. At step one, the ALJ found that M.C. had not engaged in any substantial gainful activity since the application date. (Tr. 17). At step two, the ALJ found that M.C. suffered from the severe impairments of attention deficit hyperactivity disorder (ADHD) and disruptive behavior disorder. *Id.* At step three, however, the ALJ found that M.C. did not have an impairment or combination of impairments that met any listing. *Id.*

---

[1] After the Commissioner filed her motion, the Clerk's Office mailed a letter to Ms. Clansy advising her that a failure to respond to the Commissioner's motion could result in an adverse decision in her appeal. (ECF No. 21). Ms. Clansy has not filed any response.

*Jessica Clansy v. Commissioner of Social Security*
Civil No. SAG-15-106
October 16, 2015
Page 2

Additionally, the ALJ determined that M.C. did not have an impairment or combination of impairments that would be functionally equivalent to any listing.[2] (Tr. 17-26). Therefore, the ALJ determined that M.C. was not disabled for purposes of Children's SSI benefits. (Tr. 26).

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Clansy's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find that the ALJ's RFC determination was supported by substantial evidence.

First, while the ALJ did not expressly evaluate whether M.C.'s symptoms met the listing for ADHD, an ALJ is required to discuss listed impairments and compare them individually to listing criteria only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999). Here, Listing 112.11 (ADHD) requires, in relevant part, medically documented findings of marked inattention, marked impulsiveness, and marked hyperactivity. Those findings are not present on the record in this case, and thus no ample evidence exists to mandate an express discussion of the Listing. Instead, as noted below, the evidence supports a finding of less than marked limitation in most of the relevant areas.

Second, in evaluating whether M.C.'s impairments equaled a listing, the ALJ extensively summarized Ms. Clansy's testimony and her function reports describing M.C.'s abilities and limitations. (Tr. 18-19). The ALJ further relied upon reports from M.C.'s caseworker (indicating that he is able to understand and use what he has learned, has no physical limitations, and some problems with attention and maintaining interest), M.C.'s first grade teacher (who described M.C. as very successful, a team player, and an enthusiastic learner who was very good in following class and school rules), a consultative medical examiner, Dr. Fishburne (who noted that M.C. related well with the examiner, tolerated the approximately hour-long evaluation without difficulty, and had a GAF score of 85), and M.C.'s therapist, Amanda Boblitz (who found marked limitations in concentration, persistence, and pace and attending and completing tasks, but either less than marked or no limitation in other areas). (Tr. 19-21). Ultimately, after providing a description of the evidence in each area, the ALJ concluded that M.C. had marked limitations in "attending and completing tasks," less than marked limitations in "acquiring and using information," "interacting and relating with others," and "health and physical well being," and no limitation in "moving about and manipulating objects" or "caring for yourself." In light of the substantial evidence cited by the ALJ, particularly the evidence of M.C.'s success in a

---

[2] Functional equivalence is determined by rating a child's abilities in six "domains": (i) Acquiring and Using Information; (ii) Attending and Completing Tasks; (iii) Interacting and Relating Well With Others; (iv) Moving About and Manipulating Objects; (v) Caring for Yourself; and (vi) Health and Physical Well–Being. Disability is established if the child has an "extreme" degree of limitation in one domain or a "marked" limitation in two domains. See 20 C.F.R. § 416.926a.

*Jessica Clansy v. Commissioner of Social Security*
Civil No. SAG-15-106
October 16, 2015
Page 3

classroom setting and the evaluation by Dr. Fishburne, remand is unwarranted even if other evidence exists that could be marshaled in support of a finding of disability.

    Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 20) .  The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

                                       Sincerely yours,

                                       /s/
                                   Stephanie A. Gallagher
                                   United States Magistrate Judge